## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JIMMY DALE MILLER,          )
                                   )
           Plaintiff,          )
                                   )
vs.                               )     Case No. 3:17-cv-859-NJR-DGW
                                   )
JOHN BALDWIN, JACQUELINE      )
LASHBROOK, KAREN JAIMET,       )
LARUE LOVE, CHRISTOPHER SCOTT   )
THOMPSON, RHONDA              )
MCWILLIAMS, ROSE LOOS, DEREK    )
FLATT, WEXFORD HEALTH         )
SOURCES, INC., DR. LOUIS SHICKER, )
DR. STEVE MEEKS, CHRISTOPHER    )
SMITH, LADONNA LONG, ANGEL     )
RECTOR, LAURA LECRONE, DR.      )
ALBERTO BUTALID, DR.          )
VALLABHANENI, DR. SCOTT, and    )
CHRSTINE BROWN,           )
                                   )
           Defendants.        )

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

       This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 109), which recommends that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Alberto Butalid, M.D., Angel Rector, N.P., Laura LeCrone, R.N., LaDonna Long, L.P.N., Rose Loos, Christopher Smith and Wexford Health Sources, Inc.[1] be granted

---

[1] The Clerk's Office is **DIRECTED** to update the docket sheet to reflect the true and accurate names of the following defendants: "Jackie Lashbrook" should be "Jacqueline Lashbrook" and "Wexford Health Source,

in part and denied in part.

The Report and Recommendation was entered on June 13, 2018. Defendants and Plaintiff Jimmy Dale Miller ("Miller") have filed objections to the Report and Recommendation (Docs. 110 and 113).

<u>BACKGROUND</u>

Miller, an inmate of the Illinois Department of Corrections ("IDOC"), was incarcerated at Pinckneyville Correctional Center ("Pinckneyville") at the time he initiated this action. Miller's Fifth Amended Complaint alleges one count of deliberate indifference to serious medical needs against all nineteen defendants listed in the caption of this Order (Doc. 77).

On April 17, 2018, Defendants Butalid, Rector, LeCrone, Long, Loos, Smith and Wexford filed a Motion for Summary Judgment based on failure to exhaust administrative remedies (Docs. 93 and 94). Specifically, they asserted that each of Miller's grievances are procedurally deficient.

On June 28, 2018, Magistrate Judge Donald G. Wilkerson held a hearing on Defendants' Motion for Summary Judgment pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

<u>THE REPORT AND RECOMMENDATION</u>

Magistrate Judge Wilkerson recommends granting in part and denying in part

---

Inc." should be "Wexford Health Sources, Inc."

Defendants' Motion for Summary Judgment. He found the following grievances to be relevant to the issue of exhaustion of administrative remedies: October 6, 2016 grievance; November 17, 2016 grievance; February 2, 2017 emergency grievance; May 5, 2017 grievance; May 7, 2017 grievance; June 14, 2017 emergency grievance; and June 23, 2017 emergency grievance.

As to Defendants Loos and Rector, Magistrate Judge Wilkerson found that the October 6, 2016 and November 17, 2016 grievances were deemed exhausted because they were either ignored or interfered with by prison officials. As to Defendants Butalid and Wexford, Magistrate Judge Wilkerson found that the May 7, 2017 grievance was deemed exhausted because Miller never received a response from the grievance officer and thus the grievance procedure was unavailable to him. As to Defendant Long, Magistrate Judge Wilkerson found that the February 2, 2017 emergency grievance was deemed exhausted because Miller did not receive a response from the Warden and thus the grievance procedure was unavailable to him. As to Defendant LeCrone, Magistrate Judge Wilkerson found that the June 23, 2017 grievance was deemed exhausted because Miller never received a response and thus the grievance procedure was unavailable to him. As to Defendant Smith, Magistrate Judge Wilkerson was unable to find any grievances referencing this defendant by name. Thus, he found that Miller failed to exhaust his administrative remedies against Defendant Smith. Magistrate Judge Wilkerson also found that Miller did not exhaust his June 14, 2017 grievance prior to filing this action (Doc. 109, FN 7).

Here, Defendants filed a timely objection to portions of the Report and Recommendation. Miller also filed a timely objection to a portion of the Report and Recommendation. When timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). This requires the Court to look at all evidence contained in the record and give fresh consideration to those issues to which specific objections have made and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). If only a "partial objection is made, the district judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734,739 (7th Cir. 1999). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788.

First, Defendants object to Magistrate Judge Wilkerson's conclusion that Miller properly exhausted his claims against Defendant Long. Specifically, Defendants argue that the February 2, 2017 grievance complained of an incident that occurred on October

31, 2016, and thus the grievance was filed well outside the 60-day period mandated by Section 504.810(a) and cannot exhaust Miller's administrative remedies against Defendant Long.

Prisoner grievances submitted in Illinois must be filed "within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance." Ill. Admin. Code. § 504.810(a). "[I]f an offender can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered." *Id*.

Miller complains of an incident that occurred on October 31, 2016, when Defendant Long failed to help Miller retrieve his glasses (Doc. 94-1, p. 116). But his emergency grievance complaining of this incident is dated February 2, 2017 (Doc. 94-1, p. 115), which is clearly outside of the 60-day window. Magistrate Judge Wilkerson found that the grievance process was rendered unavailable at the facility level because the warden never responded to the emergency grievance. But this does not excuse the fact that the grievance was untimely. Miller does not allege that any inaction by the warden caused his grievance to be untimely, nor does he state good cause for the untimeliness.[2] "A prisoner must take all steps prescribed by the prison's grievance system to exhaust remedies and the failure to file a timely grievance constitutes a failure to exhaust." *Murray v. Artl*, 189 F. App'x 501, 504 (7th Cir. 2006) (internal citations and quotations omitted). Because Miller did not follow proper procedures for this grievance, he failed to exhaust

---

[2] The grievance itself fails to set forth good cause for its untimeliness. Additionally, Defendants raised the issue of timeliness in their motion and objection to the Report and Recommendation, and Miller has not responded setting forth good cause for the untimeliness.

his administrative remedies as to Defendant Long.[3] Thus, the Court sustains Defendants' objection and rejects Magistrate Judge Wilkerson's Report and Recommendation on this point.

Defendants also object to the Report and Recommendation as it applies to Defendant Butalid. Specifically, Defendants argue that the evidence in the record shows that Miller did not submit the May 7, 2017 grievance to a grievance officer, but instead submitted this grievance directly to the Administrative Review Board ("ARB") following a response from a counselor. In support, Defendants argue that Miller's June 18, 2017 Offender Request and sworn affidavit, both of which Magistrate Judge Wilkerson relied on in the Report and Recommendation, contradict one another and cast Miller's overall credibility into question.

Under the revised section of the Illinois Administrative Code governing the filing of grievances,[4] it appears that Miller's administrative remedies where exhausted once he received the response from the counselor. Specifically, the revised version of Section 504.830(a) provides that "[g]rievances shall be reviewed and a written response provided to the offender." Grievances "on issues deemed without merit may be returned as denied to the sender without further investigation." *Id*. at § 504.830(a). The Code is then silent as

---

[3] It is unclear whether the ARB denied the February 2, 2017 grievance on timeliness grounds. The ARB denied the grievance on various grounds, such as: the grievance was misdirected, the office had previously addressed the issues on April 3, 2017, and there was no justification for additional consideration (Doc. 94-1, p. 11). The ARB also circled some language addressing timeliness but did not circle the box for that language as it did when addressing the other provisions (*Id*.).
[4] The Code was revised on April 1, 2017.

to what happens once a counselor denies a grievance as having no merit. The undersigned has previously determined that an inmate whose grievance is rejected by a counselor as having no merit is deemed to have exhausted when he receives the response, because there is no provision in the Code requiring the inmate to do anything further. *See Johnson v. Overall*, Case No. 3:17-CV-460-NJR-DGW, 2018 WL 3689064, at *6 (S.D. Ill. Aug. 3, 2018). Thus, it does not matter whether Miller properly forwarded his grievance to a grievance officer because he is deemed to have exhausted once he received a response from the counselor on May 18, 2017. For these reasons, the Court overrules Defendants' objection and sustains Magistrate Judge Wilkerson's Report and Recommendation on this point, but for different reasons.

Defendants also object to the Report and Recommendation as it applies to Defendant LeCrone. Magistrate Judge Wilkerson found that, given the prison's history of failing to respond to Miller's other grievances, and his affidavit stating he never received a response to the June 23, 2017 emergency grievance, the emergency grievance process was rendered unavailable with regard to Miller's claims against LeCrone. Defendants argue that nothing contained in Miller's grievance records or the June 23, 2017 grievance itself provides any basis to suggest the grievance was seen by anyone other than Miller before he submitted it to the ARB. Defendants argue that Miller's sworn affidavit is unclear as to whether Miller is referring to the June 23, 2017 grievance or some other complaint. Defendants also argue that, in Miller's affidavit, he does not say that he submitted the emergency grievance to the COA for review, and thus he did not exhaust

his administrative remedies against Defendant LeCrone.

As an IDOC inmate, Miller was required to follow the grievance process outlined in the Illinois Administrative Code to exhaust his claims. Pertinent to this case is the regulation regarding emergency procedures. 20 ILL. ADMIN. CODE § 504.840 (2017). Under § 504.840, a prisoner can request a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer ("CAO") (or warden). *Id.* In Miller's affidavit, he states that he sent his June 23, 2017 complaint to the grievance office/counselor (Doc. 100-1, p. 4). The grievance was an emergency grievance, however, so it should have been sent directly to the CAO (Doc. 94-1, p. 93). Thus, the Court sustains Defendants' objection and rejects the Report and Recommendation on this point.

Lastly, Miller objects to the Report and Recommendation to the extent that it states that Dr. Michael Scott is not a named defendant in this matter. Miller's Fifth Amended Complaint clearly names Dr. Scott as a defendant (*see* Doc. 77). Thus, the Court sustains Miller's objection and clarifies that Dr. Scott is a named defendant in this case.

After conducting a *de novo* review of Defendants' objections to Magistrate Judge Wilkerson's Report and Recommendation and a clear error review of the remaining unobjected portions, the Court finds that summary judgment should be granted as to Defendants Smith, Long, and LeCrone and denied as to Defendants Rector, Butalid, Loos, and Wexford.

<u>C<small>ONCLUSION</small></u>

For these reasons, the Court **ADOPTS in part and REJECTS in part** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 109), **SUSTAINS in part and OVERRULES in part** Defendants' Objections (Doc. 110), **SUSTAINS** Miller's Objection to the Report and Recommendation (Doc. 113), and **GRANTS in part and DENIES in part** the Motion for Summary Judgment filed by Defendants (Doc. 93). The Motion for Summary Judgment is **GRANTED** as to Defendants Smith, Long, and LeCrone and **DENIED** as to Defendants Rector, Butalid, Loos, and Wexford.

Finally, the Clerk of Court is **DIRECTED** to change Defendants' names in accordance with footnote 1.

**IT IS SO ORDERED.**

**DATED:  December 21, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**